IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM J. TAKASEY : | |
| 2707 S. Beulah Street : | |
| Philadelphia, PA  19148, : | |
| Plaintiff : | Docket No. |
| : | |
| VS. : | |
| : | |
| MICHAEL O. LEAVITT, : | |
| SECRETARY OF THE U.S. : | |
| DEPARTMENT OF HEALTH : | |
| AND HUMAN SERVICES, : | |
| Defendant : | |

## CIVIL ACTION – COMPLAINT

1. This action is brought under 42 U.S.C. §405(g) to review a final decision of the Secretary of Health and Human Services of the United States of America ( Defendant herein) dismissing Plaintiff's request for a hearing before an Administrative Law Judge in reference to Plaintiff's claim for supplemental security income benefits (SSI).  Therefore, this Court has original jurisdiction over this action arising under the laws of the United States, in accordance with 28 U.S.C. §1331.

2. Plaintiff William J. Takasey, whose social security number is XXX-XX-7251, is an adult individual who resides at 2707 S. Beulah Street, Philadelphia, PA  19148.

3. The Defendant, Michael O. Leavitt is the duly appointed Secretary of the U.S. Department of Health and Human Services, and at all times mentioned herein was acting in the exercise of his duties as such.

4. Plaintiff, fully qualified and insured under the Social Security Act, filed an application for SSI benefits sometime prior to December, 2003.

5. The medical conditions upon which Plaintiff's application for SSI benefits was filed, and which render him totally disabled, include epilepsy, seizures, convulsions, obsessive compulsive disorder and high blood pressure.

7. On December 4, 2003, Defendant, by letter from the Social Security Administration, disapproved Plaintiff's claim for SSI benefits.

8. On December 17, 2003 Plaintiff, through counsel by letter, appealed the Defendant's denial of his claim for SSI benefits and requested a hearing before an Administrative Law Judge pursuant to the Social Security Act. A copy of said appeal letter is attached hereto as Exhibit "A".

9. On February 25, 2005 Administrative Law Judge Malvin B. Eisenberg, on behalf of Defendant, issued an Order dismissing Plaintiff's request for a hearing on his claim for SSI benefits. See Order attached hereto as Exhibit "B".

10. Plaintiff timely appealed the ALJ's dismissal of his request for hearing to the Appeals Council, which, in a decision dated June 24, 2005 denied Plaintiff's request for review. See Exhibit "C" attached.

11. The Defendant committed the following errors which entitle Plaintiff to relief in this case:

a) The ALJ abused his discretion and acted arbitrarily and capriciously by failing to accept Plaintiff's counsel's timely appeal letter dated December 17, 2003 as an effective appeal for a hearing by an ALJ;

b) The ALJ erred as a matter of law by misapplying the federal regulations governing the time and manner for requesting a hearing by an ALJ; 20 CFR 416, 1433, 404.933;

c) The ALJ abused his discretion and acted arbitrarily and capriciously by failing to extend the deadline to submit additional forms and medical evidence, where claimant had good cause for the delay due to his epileptic and seizure conditions and his inability to obtain medical records necessary for his appeal;

d) The ALJ's findings and conclusions that claimant's request for a hearing before an ALJ was untimely is not supported by substantial evidence and is against the weight of the evidence.

e)   The Appeals Council abused its discretion and acted arbitrarily and capriciously, and/or committed an error of law by denying Plaintiff's request for review of the ALJ's decision, under the circumstances of this case.

f) Other such errors of law, abuses of discretion and arbitrary and capricious conduct as may be determined from the record.

12.   Defendant violated Plaintiff's rights under the Federal Constitution by depriving him of his property (i.e. SSI benefits) without due process of law.

13.   Plaintiff is unable to engage in any substantial gainful employment as a result of his epilepsy condition, seizures, convulsions, obsessive compulsive disorder and high blood pressure.

14. Plaintiff has exhausted his administrative remedies.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant as follows:

a) On the filing of an Answer by Defendant and the filing, as required by law, of a true and complete transcript of the administrative proceedings in this case, this Court review the final decision of the Defendant; and

b) On such review, the Court reverse the final decision of the Defendant and grant Plaintiff's application for social security benefits as requested because claimant's condition clearly disables him and prevents his engaging in any substantial gainful employment. Alternatively, to remand this matter to the Social Security Administration for a hearing before a different Administrative Law Judge on the merits of his claim and consider the Plaintiff's evidence the he is totally disabled.

c) Such other just or further relief as the Court deems just and proper under the circumstances.

_____
RAYMOND J. QUAGLIA, ESQUIRE
I.D. No. 13340
1313 Race Street
Philadelphia, PA  19107
(215) 563-0575
Attorney for Plaintiff

Date: _____